**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Watker, et al.　　}
　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　}　Docket No. 143-9-01 Vtec
　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　}

<u>Decision and Order on Appellants' Motion for Reconsideration</u>

Appellants appealed from a decision of the Development Review Board (DRB) of the City of Barre, granting resubdivision approval to Appellee-Applicant Fecteau Residential Homes, Inc. Appellants are represented by L. Brooke Dingledine, Esq.; Appellee-Applicant is represented by John F. Nicholls, Esq.; the City is represented by Oliver L. Twombly, Esq. The Court decided all issues in the case by summary judgment in a decision issued on December 12, 2001; Appellants request consideration of their memorandum in opposition to summary judgment, although it was filed beyond the time allotted by the November 13, 2001 scheduling order.

The law does not favor decisions by default. Therefore, we proceed to reexamine each of the issues in the motion for summary judgment, in light of Appellants' Memorandum in Opposition to Summary Judgment.

<u>Question 1 of the Statement of Questions</u>

The purpose statement of zoning or subdivision regulations is not independently enforceable; it must be carried out through the regulatory provisions of the regulations. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

<u>Question 2 of the Statement of Questions</u>

If Appellee-Applicant undertook grading, clearing, construction or other [site] improvement, such activity might well violate § 21-21 of the Subdivision Regulations and provide the basis for an enforcement action. However, no provision in the Regulations allows a permit application to be held up pending such an enforcement action. Compare 10 V.S.A. § 8011. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

<u>Questions 3 & 4 of the Statement of Questions</u>

Appellants raise the question of whether this subdivision should have been classified as major rather than minor. As this is a <u>de</u> <u>novo</u> proceeding, the issue is not whether the DRB mis-classified it or changed its position during the hearing. Rather, the issue is whether the subdivision objectively falls into the ' minor' subdivision category.

Both major and minor subdivisions must meet the definitional requirements that they not adversely affect adjoining property and that they not conflict with the Master Plan, Zoning Ordinance, Capital Budget and Plan, Official Map, or Zoning Regulations. A subdivision is minor if it contains no more than four lots and does not require a new street or the extension of municipal improvements. This subdivision contains no more than four lots. All four lots have access to the existing Elliott Street; therefore it does not require a new street. The snowplow turnaround extension is not required for the subdivision or for the safety, health or welfare of the public, although it has been requested by the City for the convenience of its snow plowing trucks. As no extension of municipal improvements is <u>required</u> for the subdivision, it meets all the criteria for treatment as a ' minor' subdivision. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

<u>Question 5 of the Statement of Questions</u>

Section 21-37(d) of the Subdivision Regulations requires Appellee-Applicant to apply for all municipal and state permits required of the subdivision, and to submit copies of those applications to the now-DRB. The regulations do not require that such applications be submitted in advance of the subdivision application or as a precondition for the DRB to consider the subdivision application. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

Further, the regulations do not require an applicant to submit proof as to which municipal or state permits may also be required for the subdivision. In the present case, Appellee-Applicant was not required to apply for an Act 250 permit and the subdivision application could proceed in the absence of such an application. However, the DRB required verification (presumably, that no such permit was required) from the Act 250 program to be submitted to the Zoning Administrator. Such verification may be a prudent step for a municipality to take; it does not invalidate the application.

Neither party provided § 21-39(d)(5) of the Subdivision Regulations. While the DRB found that Class III wetlands existed on the property, there was no showing that a state or federal wetlands or Army Corps of Engineers permit was required; nor, even if one is required, that it be obtained in advance of the subdivision application or as a precondition for the DRB to consider the subdivision application. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

<u>Question 6 of the Statement of Questions</u>

The notice required to be sent under § 21-37(e) to adjoining landowners and to the Regional Planning Commission appears to have been sent and published as required for the June hearing. Moreover, Mr. Watker appeared at the hearing; no prejudice has been shown for that reason and because the appeal to this Court is <u>de novo</u> on all issues. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

<u>Question 7 of the Statement of Questions</u>

While this question would ordinarily raise a question of fact for the hearing; Appellants have not come forward in their opposition to summary judgment with any disputed material facts with regard to this question. Rather, they only adduce the fact that an Army Corps of Engineers permit may be required. That fact does not raise an inference that the subdivision approval failed to give due regard to the preservation and protection of existing water bodies and other natural resources. That is, if an Army Corps of Engineers permit or a state wetlands permit is required, those federal or state permits may be relied upon by the City to provide the required level of protection. Accordingly, summary judgment remains entered on this question in favor of Appellee-Applicant.

Accordingly, based on the foregoing, Appellants' Motion for Reconsideration of the grant of summary judgment in favor of Appellee-Applicant is DENIED. Appellee-Applicant' s Motion for Summary Judgment remains granted, and the December 12, 2001 decision remains in effect, having concluded the appeal.

Done at Barre, Vermont, this 29th day of January, 2002.


_____
Merideth Wright
Environmental Judge